## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES DIGGS,

      Petitioner,

      v.

DAVID DIGUGLIELMO, *et al.*,

      Respondents.

CIVIL ACTION NO. 4:07-cv-01505

(SAPORITO, J.)

## ORDER

After the Court denied petitioner Charles Diggs's motion seeking relief from the 2011 denial of his *habeas corpus* petition, he has now filed a motion for reconsideration. (Doc. 37). As with his prior motion, the Court construes Diggs as requesting relief pursuant to Federal Rule of Civil Procedure 60. *See* (Doc. 36); *McFadden v. Quay*, No. 1:21-CV-01477, 2023 WL 3098378, at *4 (M.D. Pa. Apr. 26, 2023) (finding that a petitioner's second motion for reconsideration should be assessed under Rule 60).

Rule 60 permits a party to seek relief from judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect" (Fed. R. Civ. P. 60(b)(1)); "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial" (Fed. R.

Civ. P. 60(b)(2)); and "fraud[,] misrepresentation, or misconduct by an opposing party." (Fed. R. Civ. P. 60(b)(3)). A motion seeking relief under these provisions must be made no more than a year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1). In addition, the rule permits relief from judgment for "any other reason that justifies relief," but the motion must still be made "within a reasonable time" of the judgment. Fed. R. Civ. P. 60(b)(6), 60(c)(1). Generally, a judgment may be altered or amended if a party "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

As previously explained, Diggs is not entitled to relief because he has not presented "newly discovered evidence" within the meaning of Rule 60(b)(2), nor is there a basis for a finding that this motion was filed within a "reasonable time." *See* (Doc. 36 at 4-5). Regardless, noting Diggs's argument that his claims were "misunderstood," the Court has reviewed the motion and finds no basis for reconsideration on the merits.

Diggs insists that a key prosecution witness in his trial, Jack Singer, was a "surprise witness" to the defense because of "fraudulent" disclosures by the prosecution, and Diggs's counsel was thus "unable to seek discovery" specific to Singer. The memorandum resolving Diggs's petition explains why the Court found otherwise: the prosecution filed an affidavit identifying Singer as a material witness, which was docketed and served on the Public Defender's office well before trial. These findings were corroborated by the testimony of Diggs's own attorney and by the affidavit itself. *See* (Doc. 19-6 at 41-45; Doc. 25 at 8). Diggs's disagreement with these evidentially-supported findings does not justify reconsideration. Nor did the Court "fail to consider" his argument that he was prejudiced by the lack of discovery. Rather, the asserted prejudice did not entitle him to relief on his *Brady* claim because the prosecution did not suppress the evidence. *See* (Doc. 20 at 11; Doc. 36 at 2-3, 6).

Accordingly, **IT IS HEREBY ORDERED** that all relief requested in Diggs's motion (Doc. 37) is **DENIED**.


Dated: March 13, 2026                    *s/Joseph F. Saporito, Jr.*
                                         JOSEPH F. SAPORITO, JR.
                                         United States District Judge


- 3 -